IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN DONGHONGZE TRADING CO., LTD.; SHENZHENSHIPENGLINGZHICHUANGKEJI YOUXIANGONGSI; SHEN ZHEN SHI JIA CAI LI KE JI YOU XIAN GONG SI; SHENZHENSHIWEIDONGZHIXINKEJIYOU XIANGONGSI; SHENZHENSHILAIBOKEJIYOUXIANGONGSI; SHEN ZHEN SHI TAI SEN AO KE JI YOU XIAN GONG SI; SHENZHENSHIMAOHONGSHENGKEJIYOU XIANGONGSI; DONGGUANSHIGUANGLIYINGDIANZIKEJI YOUXIANGONGSI; ZHAOTONGQIANHENGSHANGMAOYOUXI ANGONGSI; TRIPLE A INTERNATIONAL TRADING INC; Rongbang Enterprise USA INC; and R&T BROTHERS LLC<br><br>PLAINTIFFS,<br><br>v.<br><br>XEBEC, INC.<br><br>DEFENDANT. | Civil Action No.: 23cv14922<br><br>Honorable Judge John Robert Blakey<br><br>Magistrate Judge Beth W. Jantz |

**PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

**OF NON-INFRINGEMENT AND INVALIDITY**

Plaintiffs SHENZHEN DONGHONGZE TRADING CO., LTD.; SHENZHENSHIPENGLINGZHICHUANGKEJIYOUXIANGONGSI; SHEN ZHEN SHI JIA CAI LI KE JI YOU XIAN GONG SI; SHENZHENSHIWEIDONGZHIXINKEJIYOUXIANGONGSI; SHENZHENSHILAIBOKEJIYOUXIANGONGSI; SHEN ZHEN SHI TAI SEN AO KE JI YOU XIAN GONG SI; SHENZHENSHIMAOHONGSHENGKEJIYOUXIANGONGSI; DONGGUANSHIGUANGLIYINGDIANZIKEJIYOUXIANGONGSI; ZHAOTONGQIANHENGSHANGMAOYOUXIANGONGSI; TRIPLE A INTERNATIONAL TRADING INC; Rongbang Enterprise USA INC; and R&T BROTHERS LLC (collectively "Plaintiffs") seek a declaratory judgment that claims 1, 2, 4, 15, 21, 22, 24, and 32 of U.S. Patent No. 9,395,757 (the '757 Patent) are invalid and Plaintiffs' products do not infringe Defendant Xebec, Inc.'s ("Xebec") '757 Patent.

## NATURE OF THE ACTION

1. This is an action for Declaratory Judgment of invalidity and non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and United States Patent Laws, 35 U.S.C. §1 et seq.

## PARTIES

2. Plaintiff SHENZHEN DONGHONGZE TRADING CO., LTD. ("Donghongze") is a company organized and existing under the laws of the People's

Republic of China. Donghongze sells on Amazon under the seller name "CIDETTY Electronics" with the seller ID "A1H6O1WIK4G7U7".

3. Plaintiff SHENZHENSHIPENGLINGZHICHUANGKEJIYOUXIANGONGSI ("PENGLINGZHICHUANG") is a company organized and existing under the laws of the People's Republic of China. PENGLINGZHICHUANG sells on Amazon under the seller name "FICIHP" with the seller ID "A2QHBY23WKIJFI".

4. Plaintiff Shen Zhen Shi Jia Cai Li Ke Ji You Xian Gong Si ("Shi Jia Cai Li") is a company organized and existing under the laws of the People's Republic of China. Shi Jia Cai Li sells on Amazon under the seller name "KasoreyUS" with the seller ID "A37YGMD5GVDTJ7".

5. Plaintiff shenzhenshiweidongzhixinkejiyouxiangongsi ("weidongzhixin") is a company organized and existing under the laws of the People's Republic of China. Weidongzhixin sells on Amazon under the seller name "WESTHOD US" with the seller ID "A34W3FKE41Q7T6".

6. Plaintiff shenzhenshilaibokejiyouxiangongsi ("laibokeji") is a company organized and existing under the laws of the People's Republic of China. Laibokeji sells on Amazon under the seller name "LAIBO US" with the seller ID "A1HE3H7YCXTTQC".

7. Plaintiff shen zhen shi tai sen ao ke ji you xian gong si ("tai sen ao") is a company organized and existing under the laws of the People's Republic of China. Tai sen ao sells on Amazon under the seller name "TAISENAO-US" with the seller ID "A329F627Y2ZKIM".

8. Plaintiff shenzhenshimaohongshengkejiyouxiangongsi ("maohongsheng") is a company organized and existing under the laws of the People's Republic of China. Maohongsheng sells on Amazon under the seller name "Maohongsheng-US" with the seller ID "A6HNH5MEZPXAA".

9. Plaintiff dongguanshiguangliyingdianzikejiyouxiangongsi ("guangliying") is a company organized and existing under the laws of the People's Republic of China. Guangliying sells on Amazon under the seller name "KEFEYA US OFFICIAL" with the seller ID "AAGY69TCAKMLK".

10. Plaintiff zhaotongqianhengshangmaoyouxiangongsi ("zhaotongqianheng") is a company organized and existing under the laws of the People's Republic of China. Zhaotongqianheng sells on Amazon under the seller name "zhaotongqianhengshangmaoyouxiangongsi" with the seller ID "A1SDREI4SDVD5P".

11. Plaintiff Triple A International Trading INC ("Triple A") is a company organized and existing under the laws of the state of California. Triple A sells on Amazon under the seller name "US-Alecewey" with the seller ID "AK0TMQMYI0VAM".

12. Plaintiff Rongbang Enterprise USA INC ("Rongbang") is a company organized and existing under the laws of the state of California. Rongbang sells on Amazon under the seller name "BQAA US store" with the seller ID "A3ZB0VPFL7KAX".

13. Plaintiff R&T BROTHERS LLC ("R&T") is a company organized and existing under the laws of the state of California. R&T sells on Amazon under the seller name "BCopGain Store-US" with the seller ID "A1CTJUZMXXT9PE".

## JURISDICTION AND VENUE

14. This Court has original jurisdiction over the subject matter of this action against Xebec pursuant to 28 U.S.C. §§1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 et. seq. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

15. This Court also has original jurisdiction over the subject matter of this action against Xebec pursuant to 28 U.S.C. § 1332 (a) & (b). Plaintiffs are entities in the People's Republic of China and the state of California. Defendant Xebec is an entity operated in the state of Texas. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

16. Personal jurisdiction and venue exist in this Court over Xebec pursuant to 35 U.S.C. § 293 because Xebec has obtained rights in a United States Patent and enforcement of the U.S. patent rights by Xebec affected or will affect plaintiffs' business in the state of Illinois.

## U.S. PATENT NO. 9,395,757

17. The '757 patent is entitled Auxiliary Screen Mounting System. A true copy of the originally issued patent is attached here as Exhibit A.

18. The '757 patent was subject to an *ex parte* reexamination (No. 90/019,126) and, as a result of the reexamination, the '757 patent now includes three independent claims and 23 dependent claims. A true copy of the Certificate of Reexamination is attached here at Exhibit B.

## PLAINTIFFS

19. Each Plaintiff is an e-commerce company, i.e., an online retailer. The majority of each Plaintiff's products are sold and distributed around the world, often through the respective national Amazon platforms. Xebec asserted infringement of the '757 patent of three product types provided by the respective plaintiffs.

20. The Amazon Marketplace is Plaintiffs' primary sales channel into the United States. Amazon sales comprise the large majority of Plaintiffs' sales and over 90% of Plaintiffs' sales are to the United States.

## XEBEC, INC.

21. Xebec operates the website thexebec.com selling display devices, e.g., portable computer screens.

22. On information and belief, on or about January 7, 2022, Xebec acquired all rights, title, and interest in the '757 Patent from the original owner Dovetail Technology LTD. According to the '757 Patent Assignment, Xebec received "the right to seek and collect past damages." The Assignment is attached here as Exhibit C.

## FACTUAL BACKGROUND

23. Over the past twenty years, online retailing has revolutionized how companies reach American consumers. Electronic marketplaces combined with dramatically increased transport speed and improved logistics networks allow even

relatively small companies to compete across thousands of miles. These developments have generally increased competition and lowered prices.

24. Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States facing the considerable challenges of managing this sprawling hive of commercial activity. Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from liability for contributing to infringement. Means that Amazon, Inc. provides, among others, include filing an Amazon Complaint by using its "Amazon's Report Infringement Form," and a patent infringement reporting procedure and an abbreviated, binding pseudo-arbitration known as the Amazon Patent Evaluation Express ("APEX") process (sometimes referred to as Amazon Utility Patent Neutral Evaluation). If the patent owner initiates an APEX proceeding, the Seller may choose not to participate, but that refusal means Amazon will remove ("de-list") the accused product listings from the Amazon Marketplace.

25. Xebec initiated an APEX process on September 25, 2023, asserting claim 1 of the '757 Patent. After the original Complaint was filed, the APEX process was paused by Amazon.

26. However, without a declaratory judgement of non-infringement or invalidity, Xebec may re-initiate the APEX process and Plaintiffs' accused products will be de-listed if the result of the APEX process indicates infringement on the '757 patent. See Declarations of the Plaintiffs.

## COUNT I: INVALIDITY OF THE '757 PATENT

27. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

28. Claims 1, 2, 4, 15, 21, 22, 24, and 32 are invalid as being obvious under 35 U.S.C. 103 because the subject matter of those claims as a whole would have been obvious to one of ordinary skill in the art by or before **November 18, 2013**, the earliest priority date for the '757 patent in view of U.S. Patent Application Publication No. US2011/155868A1 entitled "Bracket for Screen Expansion, Display, and Display Assembly," ("**Sun**") published on June 30, 2011, for U.S. Application No. 12/778,135, which was filed May 12, 2010, and claims priority back to Chinese Patent Application No. 200910312190.X, filed December 24, 2009 (attached as Exhibit D), U.S. Patent No. 5,035,392 entitled "Video Terminal Accessory," ("**Gross**") published on July 30, 1991, for U.S. Application No. 07/586,691, which was filed on September 24, 1990 (attached as Exhibit E), U.S. Patent No. 9,153,112 entitled "Modular Patient Monitor," ("**Massi**") published on October 6, 2015 and filed on March 2, 2011 (attached as Exhibit F), which claims priority back to U.S. Patent Application No. 61/288,843 filed on December 20, 2009, U.S. Patent No. 6,532,146 entitled "Computer Display Device with Dual Lateral Slide-Out Screens," ("**Duquette**") issued on March 11, 2003 and filed on January 23, 2002 (attached as Exhibit G), U.S. Patent Publication No. 2007/0063923 entitled "Multi-task Interactive Wireless Telecommunications Device," ("**Koenig**") published on March 22, 2007 for U.S. Application No. 11/601,960 (attached as Exhibit H), U.S. Patent No. 6,600,827 entitled "Externally Mounted Speaker For Notebook Computer," ("**Lu**") filed on October 3, 2001 (attached as Exhibit I), U.S. Patent No. 5,975,478 entitled "Paper

Holder Having A Secure Gripping Feature," ("**Marino**") issued on November 2, 1999 (attached as Exhibit J).

29. For example, claim 1 is invalid as being obvious in view of the above-mentioned prior art. Specifically,

- Koenig, Gross, Duquette, Lu, and Marino either alone or in combination, teach or suggest "a plurality of mounting members arranged to be disposed on opposing lateral sides of the computing device in use;"

- Lu, Marino, Gross, and Duquette, either alone or in combination, teach or suggest "a retaining member that extends between the plurality of mounting members, and is configured to hold the plurality of mounting members relative to the opposing lateral sides of the computing device;"

- Koenig, Lu, Marino, Gross, Duquette, and Massi, either alone or in combination, teach or suggest that "at least one mounting member is configured to bear an auxiliary screen such that the auxiliary screen is hung relative to the computing device in use;" and

- Lu, Marino, and Gross, either alone or in combination, teach or suggest that "the retaining member is length adjustable to hold the plurality of mounting members relative to the opposing lateral sides of the portable computing device by resisting separation thereof."

30. Other independent claims 21 and 32 are also invalid as being obvious in view of the above-mentioned prior art for at least the same reason.

31. Additionally, features recited in dependent claims 2, 4, 15, 22, 24 are also obvious in view of the above prior art.

32. In light of the above, a substantial, immediate, real, and justiciable controversy exists between Plaintiffs and Defendant regarding whether the claims 1, 2, 4, 15, 21, 22, 24, and 32 of the '757 patent are invalid.

33. Plaintiffs seek a judgment declaring that claims 1, 2, 4, 15, 21, 22, 24, and 32 of the '757 patent are invalid.

### COUNT II: NON-INFRINGEMENT OF THE '757 PATENT

34. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

35. Claim 1 of '757 patent requires multiple limitations. For example, claim 1 requires "a plurality of mounting members arranged to be **disposed on** opposing lateral sides of the computing device in use."

36. At least one of the required multiple limitations is not included in Plaintiffs' accused products.

37. Other independent claims of '757 patent include similar features to those of claim 1.

38. In light of the above, a substantial, immediate, real, and justiciable controversy exists between Plaintiffs and Defendant regarding whether Plaintiffs' products infringe independent claim 1, 21, and 32 and all other dependent claims of the '757 patent.

39. Plaintiffs seek a judgment declaring that all claims of the '757 patent are not infringed by Plaintiffs' products.

**DEMAND FOR JURY TRIAL**

40. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment as follows:

A. Declaring that claims 1, 2, 4, 15, 21, 22, 24, and 32 of the '757 patent are invalid;

B. Declaring that all claims of the '757 patent are not infringed by Plaintiffs' products;

C. Permanently enjoin Defendant, its successors and assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce the '757 patent against Plaintiffs, or any parents, affiliates, or subsidiaries of Plaintiffs, as well as their respective officers, agents, employees, successors, and assigns;

D. Entering preliminary and permanent injunctions ordering Xebec to withdraw its APEX request against Plaintiffs dated September 25, 2023 and to make no further complaints of infringement to Amazon against Plaintiffs' Accused Products based on the '757 patent while this litigation is pending;

E. A declaration that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285; and

F. Such further and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED November 5, 2023               Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei
203 N. LaSalle St., Suite 2100
Chicago, IL 60601
Attorney No. 6313341
Linda.lei@getechlaw.com
312-888-6633

/s/ Jun Ye
Jun Ye (Pro Hac Vice granted)
Jun.ye@getechlaw.com
New York Bar No.: 5098116

*ATTORNEY FOR PLAINTIFFS*