IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN DONGHONGZE TRADING CO., LTD.; SHENZHENSHIPENGLINGZHICHUANGKE JIYOUXIANGONGSI; SHEN ZHEN SHI JIA CAI LI KE JI YOU XIAN GONG SI; SHENZHENSHIWEIDONGZHIXINKEJIYOU XIANGONGSI; SHENZHENSHILAIBOKEJIYOUXIANGON GSI; SHEN ZHEN SHI TAI SEN AO KE JI YOU XIAN GONG SI; SHENZHENSHIMAOHONGSHENGKEJIYO UXIANGONGSI; DONGGUANSHIGUANGLIYINGDIANZIKEJ IYOUXIANGONGSI; ZHAOTONGQIANHENGSHANGMAOYOUX IANGONGSI; TRIPLE A INTERNATIONAL TRADING INC; Rongbang Enterprise USA INC; and R&T BROTHERS LLC<br><br>       **PLAINTIFFS,**<br>  v.<br><br>XEBEC, INC.<br><br>       **DEFENDANT.** | Civil Action No.: 23cv14922<br><br>Honorable Judge John Robert Blakey<br><br>Magistrate Judge Beth W. Jantz |

## JOINT STATUS REPORT

  Plaintiffs SHENZHEN DONGHONGZE TRADING CO., LTD., et al., ("Plaintiffs") and Defendant Xebec, Inc. ("Defendant") (collectively, the "Parties") hereby submit their updated Joint Status Report per the Court's Order of December 4, 2023. [Dkt. No. 15]:

**1. Type of Initial Status Report:**

This is an updated Joint Status Report submitted on behalf of all Parties.

1

2. **Service of Process:**

Pursuant to Rule 4 of the Federal Rules of Civil Procedures, Plaintiffs sent a Notice of Lawsuit and a Waiver of Service of Summons to Defendant on November 22, 2023. Defendant's counsel executed and returned the Waiver of Service of Summons on November 27, 2023. [*See* Dkt. 10].

3. **Nature of the Case:**

   A. <u>Attorneys of Record</u>

   FOR PLAINTIFFS / COUNTERCLAIM DEFENDANTS:

   Ge (Linda) Lei (Lead)
   203 N. LaSalle St., Suite 2100,
   Chicago, IL 60601
   Illinois Attorney No. 6313341
   linda.lei@getechlaw.com
   (312) 888 - 6633

   Jun Ye
   203 N. LaSalle St., Suite 2100
   Chicago, IL 60601
   New York Bar No.: 5098116
   jun.ye@getechlaw.com
   (312) 888 – 6633

   FOR DEFENDANT / COUNTERCLAIM PLAINTIFF:

   Lead Counsel:

   Scott P. Amy
   Ga. Bar No. 141416
   PERILLA KNOX & HILDEBRANDT LLP
   5871 Glenridge Drive, Suite 350
   Atlanta, GA 30328
   Telephone: (770) 927-7802
   Facsimile: (877) 389-6779
   s.amy@pkhip.com

   Local Counsel:

   Nicole E. Kopinski
   Wallace H. Feng
   LEYDIG, VOIT & MAYER, LTD.
   Two Prudential Plaza, Suite 4900
   180 North Stetson Avenue

    Chicago, IL 60601
    Telephone: (312) 616-5600
    Facsimile: (312) 616-5700
    nkopinski@leydig.com
    wfeng@leydig.com

  B. <u>Basis for Federal Jurisdiction</u>

Plaintiffs claims are brought under the Patent Laws of the United States, 35 U.S.C. §§ 101 et. seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

Defendant asserts that this Court has jurisdiction over the subject matter of this action pursuant 28 U.S.C. §§ 1331 and 1338 because Defendants counterclaims include causes of action for patent infringement under the patent laws of the United States, including but not limited to, 35 U.S.C. §§ 271, 281, 283-285, and 287.

  C. <u>Nature of the Claims Asserted in Amended Complaint and Any Counterclaims or Affirmative Defenses.</u>

Plaintiffs brought this action regarding U.S. Patent No. 9,395,757 ("the '757 Patent"). Defendant is the current assignee of the '757 Patent. Specifically, Plaintiffs claim invalidity of claims 1, 2, 4, 15, 21, 22, 24, and 32 of the '757 Patent. Further, Plaintiffs claim that all claims, or at least one of the required claims, of the '757 Patent are not infringed by Plaintiffs' products.

Defendant filed an answer, affirmative defenses, and counterclaims for patent infringement on January 22, 2024. [*See* Dkt. 19]. Defendant asserts that Plaintiffs directly infringe, either literally or under the doctrine of equivalents one or more claims of the '757 Patent by making using, importing, selling, and/or offering to sell one or more auxiliary screen mounting products, including but not limited to, the Model P1, P2, P2 Pro, S1, and S2 (collectively, "the Accused Products"). Defendant further assertes that Plaintiffs directly infringe, either literally or under the doctrine of equivalents one of more claims of U.S. Patent No. 10,809,762 ("the '762 Patent") by making using, importing, selling, and/or offering to sell one or more auxiliary screen mounting products, including but not limited to, the Accused Products.

3

D.  Major legal and factual issues anticipated in the case.

Plaintiffs anticipate the following major legal and factual issues in this case: (a) the validity of the '757 Patent and '762 Patent, including each or all of the claims, which may require analysis of 35 U.S.C. 102, 35 U.S.C. 103, and prior art; (b) the enforceability of the '757 Patent and '762 Patent, including whether any or all of the claims of the '757 Patent or '762 Patent are infringed by Plaintiffs' products; (c) the scope of the '757 Patent and '762 Patent; (d) the proper transfer, assignment, and ownership of the '757 Patent and '762 Patent; (e) the permanent enjoinment of Defendant, or any other party claiming rights in the '757 Patent or '762 Patent, attempting to enforce the '757 Patent or '762 Patent; (f) preliminary and permanent injunctions regarding APEX requests by Defendant; (f) whether this is an "exceptional case" under 35 U.S.C. § 285 and, if so, whether Plaintiff should be awarded their reasonable attorney fees and costs.

Defendant anticipates following major legal and factual issues in this case: (a) whether one or more claims of the '757 Patent and/or '762 Patent are infringed by Plaintiffs' accused products; (b) if infringement is found, what is the correct measure of damages; (c) if infringement is found, whether Plaintiffs should be enjoined from further infringement of the '757 Patent and/or '762 Patent; (d) whether Plaintiffs' infringement of the '757 Patent and/or '762 Patent is or has been willful; (e) whether this should be considered an exceptional case within the meaning of 35 U.S.C. § 285 and, if so, whether Defendant should be awarded its reasonable attorneys' fees and costs.

E.  Type and calculation of damages and any other relief sought by Plaintiffs

Plaintiffs seek: (a) a declaration from this Court that claims 1, 2, 4, 15, 21, 22, 24, and 32 of the '757 Patent are invalid; (b) a declaration from this Court that any or all claims of the '757 Patent are not infringed by Plaintiffs' products; (c) the permanent enjoinment of Defendant, or any other party claiming rights in the '757 Patent, from attempting to enforce the '757 Patent against Plaintiffs, or any parents, affiliates, or subsidiaries of Plaintiffs, as well as their respective officers,

4

agents, employees, successors, and assigns; (d) the entering of both a preliminary and permanent injunction ordering Defendant to withdraw its APEX request against Plaintiffs (dated September 25, 2023) and to make no further complaints of infringement to Amazon against Plaintiffs' Accused Products based on the '757 Patent while this litigation is pending; and/or (e) a finding that this is an exceptional case under 35 U.S.C. § 285 and on that basis awarding Plaintiffs their reasonable attorneys' fees and costs.

Defendant seeks: (a) entry of judgment that each of Plaintiffs/Counterclaim-Defendants have directly infringed the '762 Patent pursuant to 35 U.S.C. § 271 (a); (b) an order preliminarily and/or permanently enjoining each of Plaintiffs/Counterclaim-Defendants, and their respective agents, servants, officers, directors, employees, attorneys, affiliated companies, successors-in-interest, and all those in active concert or participation with them, and all other parties properly enjoined by law, from infringing the claims of the '762 Patent; (c) an order that each of Plaintiffs/Counterclaim-Defendants be ordered to file with this Court, and to promptly serve on counsel for Xebec, within twenty (20) days after entry of any injunction issued by the Court in this action, a sworn statement setting forth in detail the manner and form in which they have complied with the injunction; (d) an order that each of Plaintiffs/Counterclaim-Defendants provide an accounting and pay to Xebec damages in an amount adequate to compensate Xebec for each of Plaintiffs/Counterclaim-Defendants' infringement of the '762 Patent, including damages for lost profits, but in no event less than a reasonable royalty, including up to treble damages for each of Plaintiffs/Counterclaim-Defendants willful infringement pursuant to 35 U.S.C. § 284; (e) entry of judgment that each of Plaintiffs/Counterclaim-Defendants have directly infringed the '757 Patent pursuant to 35 U.S.C. § 271 (a); (f) an order preliminarily and/or permanently enjoining each of Plaintiffs/Counterclaim-Defendants, and their respective agents, servants, officers, directors, employees, attorneys, affiliated companies, successors-in-interest, and all those in active concert

or participation with them, and all other parties properly enjoined by law, from infringing the claims of the '757 Patent; (g) an order that each of Plaintiffs/Counterclaim-Defendants be ordered to file with this Court, and to promptly serve on counsel for Xebec, within twenty (20) days after entry of any injunction issued by the Court in this action, a sworn statement setting forth in detail the manner and form in which they have complied with the injunction; (h) an order that each of Plaintiffs/Counterclaim-Defendants provide an accounting and pay to Xebec damages in an amount adequate to compensate Xebec for each of Plaintiffs/Counterclaim-Defendants' infringement of the '757 Patent, including damages for lost profits, but in no event less than a reasonable royalty, including up to treble damages for each of Plaintiffs/Counterclaim-Defendants willful infringement pursuant to 35 U.S.C. § 284; and (i) an order that this is an exceptional case under 35 U.S.C. § 285 meriting that Xebec be awarded its costs, including its reasonable attorneys' fees and other expenses incurred in connection with this action.

**4. Pending Motions and Case Plan:**

    A. <u>All pending motions</u>

There are currently no pending motions before the Court.

    B. <u>Discovery proposal and case management plan</u>

        i. The Parties have scheduled a Rule 26(f) Conference for January 30, 2024 at 9:00 am. The Parties were unable to complete the Rule 26(f) Conference prior to the date for this Updated States Report, but will promptly submit the Report in the form attached to as Appendix A to Local Patent Rules within seven (7) days of the Rule 26(f) Conference.

        ii. No formal discovery has occurred in this matter. Defendants anticipate that discovery will encompass electronically stored documents, including: (1) technical documents related to the structure, function, and operation of the Accused Products; (2) documents related to Plaintiffs marketing and advertising of the Accused Products, including their marketing and advertising of the Accused

      Products on the Amazon.com platform; (3) financial documents related to Plaintiffs pricing, costs, sales, and anticipated sales of the Accused Products, including their pricing, sales, and anticipated sales on the Amazon.com platform. The parties expect to work in good faith to resolve issues concerning electronically stored information by agreement.

iii. The Parties have not exchanged Rule 26(a)(1) Initial Disclosures. The Parties will exchange Initial Disclosures on February 26, 2024 pursuant to LPR 2.1.

iv. Given the nature of the Parties' claims and defenses, the Parties anticipate that confidential information will be exchanged in this case. The Parties are therefore discussing a protective order and intend to request entry of a stipulated protective order. To facilitate discovery and avoid delay, the Parties agree that, until a protective order is entered, if any document or information produced in this matter is deemed confidential by the producing party, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Counsels' Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s) and support personal at their law firms.

v. The Parties agree that no written discovery requests may be served more than thirty (30) days after the service of Final Contentions under LPR 3.2(a) and (b) without leave of court.

vi. The Parties agree that pursuant to LPR 1.3 the deadline for completing fact discovery should be twenty-eight days after the date for exchange of claim terms and phrases under LPR 4.1. The Parties further agree that fact discovery may resume upon entry of a claim construction ruling and shall end forty-two (42) days after entry of a claim construction ruling pursuant to LPR 1.3.

vii. The Parties agree that pursuant to LPR 5.1(b) the deadline for initial expert witness disclosures under Rule 26 on issues for which a party bears the burden of proof

7

        shall be within twenty-eight (28) days after the claim construction ruling or the close discovery after the claim construction ruling, whichever is later.

   viii. The Parties agree that pursuant to LPR 5.1(c) the deadline for rebuttal expert witness disclosures under Rule 26 on issues for which the opposing party bears the burden of proof shall be within twenty-eight days (28) days after the date for initial expert reports.

   ix. The Parties agree that purusant to LPR 5.2 depositions of expert witnesses shall be completed within twenty-eight (28) days after the exchange of rebuttal expert disclosures.

   x. The Parties agree that pursuant to LPR 6.1 all dispositive motions shall be filed within twenty-eight (28) days after the schedule end of expert discovery.

   xi. Number of Witnesses to be deposed:
1. Plaintiff estimates deposing one (1) defendant, but reserves the right to depose additional defendants.
2. Defendant proposes deposing each of plaintiffs, but reserves the right depose additional plaintiffs.

   xii. If a dispute arises regarding the location of a deponent, the parties propose resolving it through motion practice.

  C. <u>Jury trial</u>

The Parties request a jury trial, expected to last 5–7 days.

**5. <u>Consent to Proceed Before a Magistrate Judge:</u>**

The Parties do not unanimously consent to proceed before a magistrate judge.

**6. <u>Status of Settlement Discussions:</u>**

  A. <u>Status of settlement discussions</u>

Defendant made a preliminary settlement offer to Plaintiffs on October 23, 2023. Plaintiffs have not made a counteroffer. The partis are engaging settlement discussion.

B.  <u>Settlement conference</u>

The Parties do not request a settlement conference at this time.

Dated: January 29, 2024                     Respectfully submitted,

                By:     <u>/s/Ge (Linda) Lei</u>
                        Ge (Linda) Lei
                        Getech Law LLC
                        203 N. LaSalle, Unit 2100
                        Chicago, IL 60601
                        (312) 888-6633 Telephone
                        Linda.lei@getechlaw.com

                        Jun Ye
                        203 N. LaSalle St., Suite 2100
                        Chicago, IL 60601
                        New York Bar No.: 5098116
                        jun.ye@getechlaw.com
                        (312) 888 – 6633

                        *COUNSEL FOR PLAINTIFFS*

                By:     <u>/s/ Scott P. Amy</u>
                        Scott P. Amy
                        Ga. Bar No. 141416
                        PERILLA KNOX & HILDEBRANDT LLP
                        5871 Glenridge Drive, Suite 350
                        Atlanta, GA 30328
                        Telephone: (770) 927-7802
                        Facsimile: (877) 389-6779
                        s.amy@pkhip.com

                        Nicole E. Kopinski
                        Wallace H. Feng
                        LEYDIG, VOIT & MAYER, LTD.
                        Two Prudential Plaza, Suite 4900
                        180 North Stetson Avenue
                        Chicago, IL 60601
                        Telephone: (312) 616-5600
                        Facsimile: (312) 616-5700
                        nkopinski@leydig.com
                        wfeng@leydig.com

                        *COUNSEL FOR DEFENDANT*

## **CERTIFICATE OF FILING**

I hereby certify that on January 29, 2024, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system with notice of case activity automatically generated and sent electronically to all counsel of record.

    /s/Ge (Linda) Lei
Ge (Linda) Lei
Getech Law LLC
203 N. LaSalle, Unit 2100
Chicago, IL 60601
(312) 888-6633 Telephone
Linda.lei@getechlaw.com