IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN DONGHONGZE TRADING CO., LTD.; SHENZHENSHIPENGLINGZHICHUANGKEJI YOUXIANGONGSI; SHEN ZHEN SHI JIA CAI LI KE JI YOU XIAN GONG SI; SHENZHENSHIWEIDONGZHIXINKEJIYOUX IANGONGSI; SHENZHENSHILAIBOKEJIYOUXIANGONGS I; SHEN ZHEN SHI TAI SEN AO KE JI YOU XIAN GONG SI; SHENZHENSHIMAOHONGSHENGKEJIYOU XIANGONGSI; DONGGUANSHIGUANGLIYINGDIANZIKEJI YOUXIANGONGSI; ZHAOTONGQIANHENGSHANGMAOYOUXI ANGONGSI; TRIPLE A INTERNATIONAL TRADING INC; RONGBANG ENTERPRISE USA INC; and R&T BROTHERS LLC, <br><br>                                     Plaintiffs, <br><br>                   v. <br><br> XEBEC, INC., <br><br>                                     Defendant. | Civil Action No.: 1:23-cv-14922 <br><br> Honorable Judge John Robert Blakey <br><br> Magistrate Judge Beth W. Jantz <br><br> **JURY DEMANDED** |

# REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f) and Local Patent Rule 1.2, the parties present their Report of the Parties' Planning Meeting. A table of the Parties' agreed-upon deadlines is attached as Attachment A.

1. The following persons participated in a Rule 26(f) conference on January 30, 2024 by teleconference:

1

Ge (Linda) Lei and Jun Ye, representing Plaintiffs SHENZHEN DONGHONGZE TRADING CO., LTD., *et al.* ("Plaintiffs");

and

Scott P. Amy, Andrea P. Nguyen, Nicole E. Kopinski and Wallace H. Feng, representing Defendant Xebec, Inc. ("Defendant").

2. <u>Initial Disclosures</u>. The parties will complete initial disclosures required by Rule 26(a)(1) by March 11, 2024.

3. <u>Disclosures and Discovery Pursuant to Local Patent Rules</u>. The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

4. <u>Additional Discovery Plan</u>. The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

   (a) <u>Interrogatories:</u> Each party is permitted no more than 25 interrogatories. The parties agree to address any necessary revision of this number as discovery progresses, given the number of plaintiffs in this case. Responses to interrogatories are due 30 days after service.

   (b) <u>Requests for admission</u>: Each party is permitted no more than 45 requests for admission, except that requests for admission regarding the admissibility of documents and things are unlimited. Responses to requests for admission are due 30 days after service.

   (c) <u>Maximum number of factual depositions by each party</u>: Each side (e.g. the Plaintiffs combined and Defendant) is permitted no more than 15 factual depositions plus one deposition of each individual party under Rule 30(b)(6). If necessary, either party may petition the Court for additional depositions and/or time.

   (d) <u>Limits on the length of depositions, in hours</u>: The length of a deposition for which an interpreter is required is limited to 1 day of 10 hours. All other depositions are limited to 1 day of 7 hours unless otherwise stipulated by the parties or ordered by the Court. If necessary, either party may petition the Court for additional depositions and/or time.

   (e) Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

5. <u>Alternative Discovery Plan</u>. The parties do not propose a discovery plan that differs from that which is provided in the Local Patent Rules.

6. <u>Other Dates</u>:

   (a) <u>Dates for supplementation under Rule 26(e)</u>: Any supplementation or correction to initial disclosures or written discovery responses must comply with Rule 26(e) of the Federal Rules of Civil Procedure.

   (b) <u>A date if the parties ask for a date to meet with the Court before a scheduling order</u>: The parties do not request a date to meet with the Court before a scheduling order.

   (c) <u>Requested dates for pretrial conferences</u>: To be determined. The parties will meet and confer to propose dates after the Court enters its Claim Construction Order.

   (d) <u>Final dates for Plaintiffs to amend pleadings or to join parties</u>: The parties agree that Plaintiffs have until September 2, 2024 to amend their pleadings or to join other parties without leave of Court.

   (e) <u>Final dates for Defendant to amend pleadings or to join parties</u>: The parties agree that Defendant has until September 2, 2024 to amend its pleadings or to join other parties without leave of Court.

   (f) <u>Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists</u>: Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists shall be made in conformity with Rule 26(a)(3) of the Federal Rules of Civil Procedure. The parties agree to meet-and-confer regarding pretrial deadlines—including final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists—after the Court issues its Claim Construction Order.

   (g) <u>Final dates to file objections under Rule 26(a)(3)</u>: Final dates to file objections under Rule 26(a)(3) shall be made in conformity with Rule 26(a)(3) of the Federal Rules of Civil Procedure and shall be determined by the parties during the meet-and-confer noted in 6(f) above.

7. <u>Other Items</u>:

   (a) <u>State the prospects for settlement</u>: The parties are actively engaging in settlement discussions.

   (b) <u>Identify any alternative dispute resolution procedure that may enhance settlement prospects</u>: Neither party proposes any specific alternative dispute resolution procedure at this time, but the parties do not object to an ADR procedure or settlement conference once the parties' positions have become clearer.

(c)     Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

(d)     In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art," "best mode," "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

(e)     The parties do not agree that the video "An Introduction to the Patent System" distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

(f)     The parties agree that the provisions of Sections 3A, B and C of the America Invents Act concerning the revisions to 35 U.S.C. §§ 102, 103 apply to all Patents-in-Suit in this case.

(g)     Per Local Patent Rule 3.5(a), the parties agree that

    (1)     the Patents-in-Suit are eligible to be challenged at the USPTO;

    (2)     the Patents-in-Suit may be challenged through *inter parties* review and *ex parte* reexamination;

    (3)     the earliest and latest date an *inter partes* review for either Patent-in-Suit is permitted to be made are February 6, 2024, and January 22, 2025; the earliest and latest date an *ex parte* reexamination is permitted are February 6, 2024, and November 18, 2040, for U.S. Patent No. 9,395,757, and February 6, 2024, and November 4, 2045, for U.S. Patent No. 10,809,762;

    (4)     U.S. Patent No. 9,395,757 has been the subject of one prior *ex parte* reexamination (No. 90/019,126), for which an *ex parte* reexamination certificate was issued on September 5, 2023; and

    (5)     both Patents-in-Suit are presently being litigated in the matter styled as *Shenzhen Laibo Technology Co. Ltd. et al., v. Xebec, Inc.*, Case No. 6:22-cv-00001-ADA in the United States District Court for the Western District of Texas, Waco Division.

(h)     This case does not involve a drug or biologic application pending with the Food and Drug Administration.

Respectfully submitted this 6th day of February, 2024.

*/s/ Ge (Linda) Lei*
Ge (Linda) Lei
Jun Ye
GETECH LAW LLC
203 North LaSalle, Unit 2100
Chicago, IL 60601
Linda.lei@getechlaw.com
Jun.ye@getechlaw.com
Telephone: (312)-888-6633

**COUNSEL FOR PLAINTIFFS/
COUNTER-DEFENDANTS**

*/s/ Scott P. Amy*
Scott P. Amy (pro hac vice)
Ga. Bar No. 141416
Andrea P. Nguyen (pro hac vice)
Ga. Bar No. 306931
PERILLA KNOX & HILDEBRANDT LLP
5871 Glenridge Drive, Suite 350
Atlanta, GA 30328
Telephone: (770) 927-7802
Facsimile: (877) 389-6779
s.amy@pkhip.com
a.nguyen@pkhip.com

Nicole E. Kopinski
Wallace H. Feng
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
180 North Stetson Avenue
Chicago, IL 60601
Telephone: (312) 616-5600
Facsimile: (312) 616-5700
nkopinski@leydig.com
wfeng@leydig.com

**COUNSEL FOR DEFENDANT/
COUNTERCLAIMANT, XEBEC, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 6, 2024, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system with notice of case activity automatically generated and sent electronically to all counsel of record.

      */s/ Ge (Linda) Lei*
Ge (Linda) Lei
Getech Law LLC
203 North LaSalle, Unit 2100
Chicago, IL 60601
Linda.lei@getechlaw.com
Telephone: (312)-888-6633

## ATTACHMENT A: PROPOSED CASE SCHEDULE

| Event | Date/Deadline |
|---|---|
| Initial Disclosures (LPR 2.1) and Commencement of Fact Discovery (LPR 1.3) | **March 11, 2024** (Pursuant to Joint Status Report [Doc. 23]) |
| Defendant's Initial Infringement Contentions (LPR 2.2) | **March 25, 2024** (14 days after Initial Disclosures) |
| Plaintiffs' Initial Non-Infringement, Unenforceability, and Invalidity Contentions (LPR 2.3)<br><br>Plaintiffs' Document Production Accompanying Initial Non-Infringement and Invalidity Contentions (LPR 2.4) | **April 8, 2024** (14 Days after Initial Infringement Contentions) |
| Defendant's Initial Response to Invalidity Contentions (LPR 2.5) | **April 22, 2024** (14 Days after Initial Non-Infringement and Invalidity Contentions) |
| Defendant's Final List of Asserted Claims (LPR 3.1(a)(1)) | **August 5, 2024** (19 Weeks after Due Date of Initial Infringement Contentions) |
| Defendant's Final Infringement Contentions (LPR 3.1)<br><br>Plaintiffs' Final Unenforceability and Invalidity Contentions (LPR 3.1)<br><br>Plaintiffs' Document Production Accompanying Final Invalidity Contentions (LPR 3.3) | **August 19, 2024** (21 Weeks after Due Date of Initial Infringement Contentions) |
| Plaintiffs' Final Non-Infringement Contentions (LPR 3.2)<br><br>Defendant's Final Contentions in Response to Final Unenforceability and Invalidity Contentions (LPR 3.2)<br><br>Final Date to File Motion to Stay Pending Reexamination, absent exceptional circumstances (LPR 3.5) | **September 16, 2024** (28 Days after Service of Final Infringement Contentions) |
| Exchange of Claim Terms Needing Construction and Proposed Construction (LPR 4.1(a)) | **September 30, 2024** (Within 14 days of service of Final Contentions Pursuant to LPR 3.2) |

| | |
|---|---|
| Parties Meet and Confer to Agree Upon No More Than 10 Terms to Submit For Construction (LPR 4.1(b)) | **October 7, 2024**<br>(Within 7 days of Exchange of Claim Terms) |
| Fact Discovery Closes (LPR 1.3) | **October 28, 2024**<br>(28 days after Exchange of Claim Terms) |
| Plaintiffs' Opening Claim Construction Brief (LPR 4.2(a))<br><br>Joint Appendix (LPR 4.2(b)) | **November 4, 2024**<br>(Within 35 days after Exchange of Claim Terms) |
| Defendant's Responsive Claim Construction Brief (LPR 4.2(c)) | **December 2, 2024**<br>(Within 28 days after filing of Opening Claim Construction Brief) |
| Plaintiffs' Reply Claim Construction Brief (LPR 4.2(d)) | **December 16, 2024**<br>(Within 14 days after filing of Responsive Claim Construction Brief) |
| Joint Claim Construction Chart and Joint Status Report (LPR 4.2(f)) | **December 23, 2024**<br>(Within 7 days after filing of Reply Claim Construction Brief) |
| Claim Construction Hearing (LPR 4.3) | **[DATE TO BE DETERMINED BY THE COURT]**<br>(May be Held Within 28 days after Filing of Reply Claim Construction Brief Unless Court Orders Otherwise)<br>(exhibits and demonstratives exchanged 3 days before the hearing) |
| Claim Construction Ruling<br>Fact Discovery May Resume Upon Entry of Claim Construction Ruling (based on a party seeking further discovery filing a motion showing further discovery is necessitated by claim construction ruling) (LPR 1.3 and its Comments) | **[DATE TBD]** |
| Discovery Concerning Opinions of Counsel Opens (LPR 3.6) | **[DATE TBD]**<br>7 days after Claim Construction Ruling (35 days prior to the close of period for second fact discovery) |
| Close of Fact Discovery if Resumed after Claim Construction Ruling (LPR 1.3) | **[DATE TBD]**<br>42 days after Claim Construction Ruling |
| Expert Reports of Parties with Burden of Proof (LPR 5.1(b)) | **[DATE TBD]**<br>Within 21 days after Claim Construction Ruling or Close of Fact Discovery (whichever is later) |

| | |
|---|---|
| Rebuttal Expert Reports (LPR 5.1(c)) | **[DATE TBD]**<br>Within 35 days after date for Initial Expert Reports |
| Completion of Expert Witness Depositions (LPR 5.2) | **[DATE TBD]**<br>Within 35 days after exchange of Rebuttal Expert Reports |
| Final Day for Filing Dispositive Motions (LPR 6.1) | **[DATE TBD]**<br>Within 28 days after Close of Expert Discovery |