THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN DONGHONGZE TRADING CO., LTD.; SHENZHENSHIPENGLINGZHICHUANGKEJIYOUXIANGONGSI; SHEN ZHEN SHI JIA CAI LI KE JI YOU XIAN GONG SI; SHENZHENSHIWEIDONGZHIXINKEJIYOUXIANGONGSI; SHENZHENSHILAIBOKEJIYOUXIANGONGSI; SHEN ZHEN SHI TAI SEN AO KE JI YOU XIAN GONG SI; SHENZHENSHIMAOHONGSHENGKEJIYOUXIANGONGSI; DONGGUANSHIGUANGLIYINGDIANZIKEJIYOUXIANGONGSI; ZHAOTONGQIANHENGSHANGMAOYOUXIANGONGSI; TRIPLE A INTERNATIONAL TRADING INC; RONGBANG ENTERPRISE USA INC; and R&T BROTHERS LLC<br><br>        **Plaintiffs,**<br><br>        v.<br><br>XEBEC, INC.<br><br>        **Defendant.** | Civil Action No.: 1:23-cv-14922<br><br>Honorable Judge John Robert Blakey<br><br>Magistrate Judge Beth W. Jantz |

**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiffs, SHENZHEN DONGHONGZE TRADING CO., LTD.; SHENZHENSHIPENGLINGZHICHUANGKEJIYOUXIANGONGSI; SHEN ZHEN SHI JIA CAI LI KE JI YOU XIAN GONG SI; SHENZHENSHIWEIDONGZHIXINKEJIYOUXIANGONGSI;

1

SHENZHENSHILAIBOKEJIYOUXIANGONGSI; SHEN ZHEN SHI TAI SEN AO KE JI YOU XIAN GONG SI; SHENZHENSHIMAOHONGSHENGKEJIYOUXIANGONGSI; DONGGUANSHIGUANGLIYINGDIANZIKEJIYOUXIANGONGSI; ZHAOTONGQIANHENGSHANGMAOYOUXIANGONGSI; TRIPLE A INTERNATIONAL TRADING INC; RONGBANG ENTERPRISE USA INC; and R&T BROTHERS LLC (collectively "Plaintiffs"), by and through their counsel, respectfully files their Answer in response to Defendant Xebec's ("Defendant") Counterclaims as follows:

## PLAINTIFFS' ANSWER

Plaintiffs respond to the numbered paragraphs in Defendant's Counterclaims as follows.

### NATURE AND BASIS OF ACTION

1. These counterclaims for patent infringement arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. Xebec seeks injunctive relief, damages, and recovery of its reasonable costs and attorneys' fees.

**ANSWER**: Plaintiffs admit that Defendant's counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. but deny the legal sufficiency of Defendant's counterclaims and allegations.

### THE PARTIES

2. Defendant/Counterclaimant Xebec, Inc. is a company organized and existing under the laws of the State of Delaware, having a principal place of business at 500 San Marcos Street, Suite 101, Austin, Texas 78702.

**ANSWER**: Plaintiffs admit that Defendant purports to be a company organized and existing under the laws of the State of Delaware but lack knowledge or information of Defendant's principal place of business.

2

3. Upon information and belief, Plaintiff/Counter-Defendant SHENZHEN DONGHONGZE TRADING CO., LTD. ("Donghongze") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, Donghongze sells one or more infringing auxiliary screen mounting systems on Amazon under the seller name "CIDETTY Electronics" with the seller ID "A1H6O1WIK4G7U7".

**ANSWER**: Plaintiffs deny the allegations in paragraph 3 except that Plaintiff/Counter-Defendant Donghongze is a company organized and existing under the laws of the People's Republic of China and sells on Amazon under the seller name "CIDETTY Electronics" with the seller ID "A1H6O1WIK4G7U7".

4. Upon information and belief, Plaintiff/Counter-Defendant SHENZHENSHIPENGLINGZHICHUANGKEJIYOUXIANGONGSI ("PENGLINGZHICHUANG") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, PENGLINGZHICHUANG sells one or more infringing auxiliary screen mounting systems on Amazon under the seller name "FICIHP" with the seller ID "A2QHBY23WKIJFI".

**ANSWER**: Plaintiffs deny the allegations in paragraph 4 except that Plaintiff/Counter-Defendant PENGLINGZHICHUANG is a company organized and existing under the laws of the People's Republic of China and sells on Amazon under the seller name "FICIHP" with the seller ID "A2QHBY23WKIJFI".

5. Upon information and belief, Plaintiff/Counter-Defendant Shen Zhen Shi Jia Cai Li Ke Ji You Xian Gong Si ("Shi Jia Cai Li") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, Shi Jia Cai Li sells one or more infringing auxiliary screen mounting systems on Amazon under the seller name "KasoreyUS" with the seller ID "A37YGMD5GVDTJ7".

**ANSWER**: Plaintiffs deny the allegations in paragraph 5 except that Plaintiff/Counter-Defendant Shi Jia Cai Li is a company organized and existing under the laws of the People's Republic of China and sells on Amazon under the seller name "KasoreyUS" with the seller

ID "A37YGMD5GVDTJ7".

6. Upon information and belief, Plaintiff/Counter-Defendant shenzhenshiweidongzhixinkejiyouxiangongsi ("Weidongzhixin") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, Weidongzhixin sells one or more infringing auxiliary screen mounting systems on Amazon under the seller name "WESTHOD US" with the seller ID "A34W3FKE41Q7T6".

**ANSWER**: Plaintiffs deny the allegations in paragraph 6 except that Plaintiff/Counter-Defendant Weidongzhixin is a company organized and existing under the laws of the People's Republic of China and sells on Amazon under the seller name "WESTHOD US" with the seller ID "A34W3FKE41Q7T6".

7. Upon information and belief, Plaintiff/Counter-Defendant shenzhenshilaibokejiyouxiangongsi ("Laibokeji") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, Laibokeji sells oneor more infringing auxiliary screen mounting systems on Amazon under the seller name "LAIBO US" with the seller ID "A1HE3H7YCXTTQC".

**ANSWER**: Plaintiffs deny the allegations in paragraph 7 except that Plaintiff/Counter-Defendant Laibokeji is a company organized and existing under the laws of the People's Republic of China and sells on Amazon under the seller name "LAIBO US" with the seller ID "A1HE3H7YCXTTQC".

8. Upon information and belief, Plaintiff/Counter-Defendant shen zhen shi tai sen ao ke ji you xian gong si ("Tai Sen Ao") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, Tai Sen Ao sells one or more infringing auxiliary screen mounting systems on Amazon under the seller name "TAISENAO- US" with the seller ID "A329F627Y2ZKIM".

**ANSWER**: Plaintiffs deny the allegations in paragraph 8 except that Plaintiff/Counter-Defendant Tai Sen Ao is a company organized and existing under the laws of the People's

Republic of China and sells on Amazon under the seller name "TAISENAO- US" with the seller ID "A329F627Y2ZKIM".

9. Upon information and belief, Plaintiff/Counter-Defendant shenzhenshimaohongshengkejiyouxiangongsi ("Maohongsheng") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, Maohongsheng sells one or more infringing auxiliary screen mounting systems on Amazon under the seller name "Maohongsheng-US" with the seller ID "A6HNH5MEZPXAA".

**ANSWER**: Plaintiffs deny the allegations in paragraph 9 except that Plaintiff/Counter-Defendant Maohongsheng is a company organized and existing under the laws of the People's Republic of China and sells on Amazon under the seller name "Maohongsheng-US" with the seller ID "A6HNH5MEZPXAA".

10. Upon information and belief, Plaintiff/Counter-Defendant dongguanshiguangliyingdianzikejiyouxiangongsi ("Guangliying") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, Guangliying sells one or more infringing auxiliary screen mounting systems on Amazon under the seller name "KEFEYA US OFFICIAL" with the seller ID "AAGY69TCAKMLK".

**ANSWER**: Plaintiffs deny the allegations in paragraph 10 except that Plaintiff/Counter-Defendant Guangliying is a company organized and existing under the laws of the People's Republic of China and sells on Amazon under the seller name "KEFEYA US OFFICIAL" with the seller ID "AAGY69TCAKMLK".

11. Upon information and belief, Plaintiff/Counter-Defendant zhaotongqianhengshangmaoyouxiangongsi ("Zhaotongqianheng") is a company organized and existing under the laws of the People's Republic of China. Upon further information and belief, Zhaotongqianheng sells one or more infringing auxiliary screen mounting systems on Amazon under the seller name "zhaotongqianhengshangmaoyouxiangongsi" with the seller ID "A1SDREI4SDVD5P".

**ANSWER**: Plaintiffs deny the allegations in paragraph 11 except that Plaintiff/Counter-

Defendant Zhaotongqianheng is a company organized and existing under the laws of the People's Republic of China and sells on Amazon under the seller name "zhaotongqianhengshangmaoyouxiangongsi" with the seller ID "A1SDREI4SDVD5P".

12. Upon information and belief, Plaintiff/Counter-Defendant Triple A International Trading INC ("Triple A") is a company organized and existing under the laws of the state of California. Upon further information and belief, Triple A sells one or more infringing auxiliary screen mounting systems on Amazon under the seller name "US-Alecewey" with the seller ID "AK0TMQMYI0VAM."

**ANSWER**: Plaintiffs deny the allegations in paragraph 12 except that Plaintiff/Counter-Defendant Triple A is a company organized and existing under the laws of the state of California and sells on Amazon under the seller name "US-Alecewey" with the seller ID "AK0TMQMYI0VAM".

13. Upon information and belief, Plaintiff/Counter-Defendant Rongbang Enterprise USA INC ("Rongbang") is a company organized and existing under the laws of the state of California. Upon further information and belief, Rongbang sells one or more infringing auxiliary screen mounting systems on Amazon under the seller name "BQAA US store" with the seller ID "A3ZB0VPFL7KAX".

**ANSWER**: Plaintiffs deny the allegations in paragraph 13 except that Plaintiff/Counter-Defendant Rongbang is a company organized and existing under the laws of the state of California and sells on Amazon under the seller name "BQAA US store" with the seller ID "A3ZB0VPFL7KAX".

14. Upon information and belief, Plaintiff/Counter-Defendant R&T BROTHERS LLC ("R&T") is a company organized and existing under the laws of the state of California. Upon further information and belief, R&T sells one or more infringing auxiliary screen mounting systems on Amazon under the seller name "BCopGain Store-US" with the seller ID "A1CTJUZMXXT9PE".

**ANSWER**: Plaintiffs deny the allegations in paragraph 14 except that Plaintiff/Counter-

Defendant R&T is a company organized and existing under the laws of the state of California and sells on Amazon under the seller name "BCopGain Store-US" with the seller ID "A1CTJUZMXXT9PE".

JURISDIACTION AND VENUE

15. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because these counterclaims include causes of action for patent infringement under the patent laws of the United States, including but not limited to, 35 U.S.C. §§ 271, 281, 283–285, and 287.

**ANSWER**: Plaintiffs admit that this Court has subject matter jurisdiction over the counterclaims that include causes of action for patent infringement under the patent laws of the United States, including but not limited to, 35 U.S.C. §§ 271, 281, 283–285, and 287 but deny the allegations in paragraph 15.

16. This Court has personal jurisdiction over Plaintiffs/Counterclaim-Defendants because Plaintiffs/Counterclaim-Defendants, by virtue of filing their Complaint in this Court, have consented to personal jurisdiction over any counterclaims filed against them. See, e.g., Adam v. Saenger, 303 U.S. 59 (1938).

**ANSWER**: Plaintiffs admit that this Court has personal jurisdiction over the counterclaims only for the limited purposes of this action but deny the allegations in paragraph 16.

17. This Court also has personal jurisdiction over Plaintiffs/Counterclaim-Defendants because they have transacted business in this District, have derived substantial revenue from the infringing auxiliary screen mounting systems offered for sale and/or sold in this District, and/or have established sufficient minimum contacts with the State of Illinois such that they are subject to the personal jurisdiction of this Court. Personal jurisdiction in Illinois over Plaintiffs/Counterclaim-Defendant is also consistent with the requirements of due process.

**ANSWER**: Plaintiffs admit that this Court has personal jurisdiction over the counterclaims only for the limited purposes of this action but deny the allegations in paragraph 17.

18. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Plaintiffs/Counterclaim-Defendants, by virtue of filing their Complaint in this Court, have consented to and conceded that venue is proper in this District for any counterclaims filed against them. In addition, except for Plaintiff/Counter-Defendants Triple A, Rongbang, and R&T, all of Plaintiffs/Counter-Defendants are foreign corporations that, pursuant to § 1400(b), may be sued in any district in the United States, including this District. Venue is further proper in this District based on the facts alleged in the preceding and subsequent paragraphs, which Xebec incorporates by reference as if fully set forth herein.

**ANSWER**: Plaintiffs admit that the venue is proper only for the limited purposes of this action but deny the allegations in paragraph 18.

## FACTUAL BACKGROUND

Xebec and Its Innovative Workplace Technology

19. Xebec is an innovative provider of mobile workplace technology, such as its Xebec Tri-Screen 2, headquartered in Austin, Texas.

**ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 19, and therefore deny those allegations.

20. Xebec was founded in 2018 by Alex Levine and Trevor Russo with the mission to equip individuals to be successful in the modern mobile workplace.

**ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 20, and therefore deny those allegations.

21. Xebec's most successful and innovative product is the Xebec Tri-Screen, which is an auxiliary screen mounting system that adds two additional screens to any laptop or computing device to create an instant office set up. An example of Xebec's innovative Tri-Screen product is shown below:



**ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief as to the

allegations in paragraph 21, and therefore deny those allegations.

22. The inspiration for the Xebec Tri-Screen design stemmed from Alex Levine's travel schedule as a consultant. As a consultant, Levine regularly traveled to client sites across the country. In that role, he found that it was difficult to maintain efficiency and productivity while working on a laptop having a single screen.

**ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief as to the

allegations in paragraph 22, and therefore deny those allegations.

23. While Levine had attempted to maintain efficiency and productivity by using external, stand-alone monitors, he found that they took too much time to set up and lacked the portability to be easily moved from room to room. He also found that external, stand-alone monitors required additional desk space that was often difficult to come by in hotel rooms, client sites, and other temporary workplaces.

**ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief as to the

allegations in paragraph 23, and therefore deny those allegations.

24. As a result, Levine began designing and developing a solution that would allow individuals to have access to additional screens that utilized a removable mount that would affix to a laptop or other computing device seamlessly without causing damage. He also sought to design a solution that would be easy to travel with, easy to setup, and require very little additional workspace.

**ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 24, and therefore deny those allegations.

25. Based on Levine's design, Levine and Russo ultimately launched Xebec and introduced the innovative Xebec Tri-Screen. The Tri-Screen is Xebec's flagship product and at the core of Xebec's business, and Xebec has spent a substantial amount of time and resources designing, developing, and bringing this innovative product to the market.

**ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 25, and therefore deny those allegations.

26. As a result of his efforts, Levine applied for and was granted a U.S. patent on his innovative design, U.S. Patent No. 10,809,762 ("the '762 Patent").

**ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 26, and therefore deny those allegations.

27. The '762 Patent, entitled "Accessory Display Device," was filed on November 4, 2019, and after a full and fair examination, was duly and legally issued by the United States Patent and Trademark Office ("PTO") on October 20, 2020. A true and correct copy of the '762 Patent is attached hereto as Exhibit A.

**ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 27, and therefore deny those allegations.

28. Xebec is the owner of all right, title, and interest in and to the '762 Patent by assignment from Levine, including the right to make, use, offer for sale, sell, import, and enforce the '762 Patent.

**ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 28, and therefore deny those allegations.

29. On January 7, 2022, Xebec acquired additional patent rights in the mobile workplace technology field from Dovetail Technology Ltd. ("Dovetail Technology"), a company based in the United Kingdom. These additional patent rights include U.S. Patent No. 9,395,757 ("the '757 Patent").

**ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations in paragraph 29, and therefore deny those allegations.

30. The '757 Patent, entitled "Auxiliary Screen Mounting System," was filed on November 18, 2014, and after a full and fair examination, was duly and legally issued by the PTO on July 19, 2016. A true and correct copy of the originally issued '757 Patent is attached hereto as Exhibit B.

**ANSWER**: Plaintiffs deny the allegations in paragraph 30 except that the '757 patent was issued on July 19, 2016.

31. On November 1, 2022, a request for ex parte reexamination of claims 1–7, 10–13, 15–17 of the '757 Patent was filed by a competitor of Xebec and, subsequently, an order granting the request for ex parte reexamination was granted on November 18, 2022.

**ANSWER**: Plaintiffs deny the allegations in paragraph 31 except that an ex parte reexamination was filed against the '757 patent.

32. One or more of the prior art references either raised by the request or that were ultimately at issue in the *ex parte* reexamination include: U.S. Patent Pub. No. 2011/0155868 to Sun *et al.*; U.S. Patent No. 9,153,112 to Massi *et al.*; U.S. Patent No. 5,035,392 to Gross *et al.*; and U.S. Patent No. 6,532,146 to Duquette.

**ANSWER**: Plaintiffs deny the allegations in paragraph 32 except that the prior art references were cited in the ex parte reexamination.

33. After a full and fair examination, the PTO issued an *Ex Parte* Reexamination Certificate for the '757 Patent on September 5, 2023. A true and correct copy of the *Ex Parte* Reexamination Certificate for the '757 Patent is attached as Exhibit C.

**ANSWER**: Plaintiffs deny the allegations in paragraph 33 except that the PTO issued an *Ex Parte* Reexamination Certificate for the '757 Patent.

34. Xebec is the owner of all right, title, and interest in and to the '757 Patent by assignment from Dovetail Technology, including the right to make, use, offer for sale, sell, import, enforce, and seek and collect past damages. A true and correct copy of the assignment from Dovetail Technology to Xebec is attached hereto as Exhibit D.

**ANSWER**: Plaintiffs deny the allegations in paragraph 34 except that Xebec is purported to be the owner of the '757 Patent.

<u>Plaintiffs/Counter-Defendants' Infringing and Unlawful Conduct</u>

35. Plaintiffs/Counter-Defendants are manufacturers and/or sellers of one or more auxiliary screen mounting products that are imported, marketed, offered for sale, and sold on Amazon under various purported brand names, such as CIDETTY, FICIHP, Kasorey, WESTHOD, Teamgee, KEFEYA, Alecewey, BQAA, and CopGain.

**ANSWER**: Plaintiffs deny the allegations in paragraph 35 except that Plaintiffs sell

auxiliary screen mounting products on Amazon under the above seller names.

36. More specifically, Plaintiffs/Counter-Defendants' auxiliary screen mounting products include, but are not limited to, various models of auxiliary screen mounting products, including but not limited to, the Model P1, P2, P2 Pro, S1, and S2 (collectively, "the Accused Products"). Examples of Plaintiffs/Counter-Defendants' product listings for the one or more of the Accused are set forth in Exhibit E.

**ANSWER**: Plaintiffs deny the allegations in paragraph 36 except that Plaintiffs sell auxiliary screen mounting products including various models such as Model P1, P2, P2 Pro, S1, and S2.

COUNT I: DIRECT INFRINGEMENT OF '762 PATENT, 35 U.S.C. § 271(a)

37. Xebec incorporates by reference the allegations contained in paragraphs 1–36, as if fully set forth herein.

**ANSWER**: Plaintiffs incorporate their answers set forth in the preceding paragraphs as if fully set forth herein.

38. Plaintiffs/Counter-Defendants' ongoing manufacture, use, offer for sale, sale, and/or importation of one or more of the Accused Products infringes one or more claims of the '762 Patent.

**ANSWER**: Plaintiffs deny the allegations in paragraph 38.

39. Plaintiffs/Counter-Defendants directly infringes, literally or under the doctrine of equivalents, at least Claim 1 of the '762 Patent by, without authority, making, using, importing, selling, and/or offering to sell one or more of the Accused Products within the United States in

violation of 35 U.S.C. § 271(a).

**ANSWER**: Plaintiffs deny the allegations in paragraph 39.

40. A preliminary claim chart showing Plaintiffs/Counter-Defendants' infringement of Claim 1 of the '762 Patent is attached hereto as Exhibit F.

**ANSWER**: Plaintiffs deny the allegations in paragraph 40.

41. For example, a summary of Plaintiffs/Counter-Defendants' infringement of Claim 1 of the '762 Patent by a representative sample of Accused Products (the Model P2) is provided as follows:

    i. <u>Preamble</u>: The Model P2 is an accessory display device for a display having dual screens or two accessory displays;

    ii. <u>Limitation 1</u>: The Model P2 includes a housing having a first side and a second side that are movable relative to one another;

    iii. Limitation 2: The Model P2 includes a first pair of rails coupled to the first side and second pair of rails coupled to the second side, and the first pair of rails are engaged with and slidable relative to the second pair of rails;

    iv. Limitation 3: The Model P2 includes a tensioning member coupled to the first side and the second side that places tension between the first side and the second side;

    v. Limitation 4: The Model P2 includes a first engagement portion coupled to the first side and a second engagement portion coupled to the second side. The first engagement portion and the second engagement portion are configured to engage the side of a display device under force created by the tensioning member; and,

    vi. Limitation 5: The Model P2 includes a first display that is slidable within the housing. The first display is also movable from a stowed position to a use position.

**ANSWER**: Plaintiffs deny the allegations in paragraph 41.

42. As a result of Plaintiffs/Counter-Defendants' infringement of the '762 Patent, Xebec has been damaged and will continue to be damaged by Plaintiffs/Counter-Defendants' unlawful conduct. Xebec is entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate it for Plaintiffs/Counter-Defendants' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

**ANSWER**: Plaintiffs deny the allegations in paragraph 42.

43. Plaintiffs/Counter-Defendants' infringement of the '762 Patent has injured and continues to injure Xebec and will continue to cause irreparable harm to Xebec unless Plaintiffs/Counter-Defendants are enjoined from infringing one or more claims of the '762 Patent. Xebec is entitled to preliminary and/or permanent injunctive relief against Plaintiffs/Counter-Defendants from further infringement pursuant to 28 U.S.C. § 283.

**ANSWER**: Plaintiffs deny the allegations in paragraph 43.

44. Upon information and belief, Plaintiffs/Counter-Defendants' past and continued infringement of the '762 Patent has been deliberate and willful, which warrants an award of treble damages and attorneys' fees to Xebec pursuant to 28 U.S.C. §§ 284 & 285.

**ANSWER**: Plaintiffs deny the allegations in paragraph 44.

COUNT II: DIRECT INFRINGEMENT OF '757 PATENT, 35 U.S.C. § 271(a)

45. Xebec incorporates by reference the allegations contained in paragraphs 1–36, as if fully set forth herein.

**ANSWER**: Plaintiffs incorporate their answers set forth in the preceding paragraphs as if fully set forth herein.

46. Plaintiffs/Counter-Defendants' ongoing manufacture, use, offer for sale, sale,

and/or importation of one or more of the Accused Products infringes one or more claims of the '757 Patent.

**ANSWER**: Plaintiffs deny the allegations in paragraph 46.

47. Plaintiffs/Counter-Defendants directly infringes, literally or under the doctrine of equivalents, at least Claim 1 of the '757 Patent by, without authority, making, using, importing, selling, and/or offering to sell one or more of the Accused Products within the United States in violation of 35 U.S.C. § 271(a).

**ANSWER**: Plaintiffs deny the allegations in paragraph 47.

48. A preliminary claim chart showing Plaintiffs/Counter-Defendants' infringement of Claim 1 of the '757 Patent is attached hereto as Exhibit G.

**ANSWER**: Plaintiffs deny the allegations in paragraph 48.

49. For example, a summary of Plaintiffs/Counter-Defendants' infringement of Claim 1 of the '757 Patent by a representative sample Accused Products (the Model P2) is provided as follows:
    i. Preamble: The Model P2 includes an auxiliary screen support system for a computing device having dual screens or two separate screens;
    ii. Limitation 1: The Model P2 includes a plurality of mounting members arranged to be disposed on opposing lateral sides of the computing device in use;
    iii. Limitation 2: The Model P2 includes a retaining member that extends between the plurality of mounting members, and is configured to hold the plurality of mounting members relative to the opposing lateral sides of the computing device;
    iv. Limitation 3: The Model P2 has at least one mounting member that is configured to bear an auxiliary screen that is hung relative to the computing device; and,
    v. Limitation 4: The retaining member of the Model P2 is length adjustable to

hold the plurality of mounting members relative to the opposing lateral sides of the computing device by resisting separation.

**ANSWER**: Plaintiffs deny the allegations in paragraph 49.

50. As a result of Plaintiffs/Counter-Defendants' infringement of the '757 Patent, Xebec has been damaged and will continue to be damaged by Plaintiffs/Counter-Defendants' unlawful conduct. Xebec is entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate it for Plaintiffs/Counter-Defendants' infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

**ANSWER**: Plaintiffs deny the allegations in paragraph 50.

51. Plaintiffs/Counter-Defendants' infringement of the '757 Patent has injured and continues to injure Xebec and will continue to cause irreparable harm to Xebec unless Plaintiffs/Counter-Defendants are enjoined from infringing one or more claims of the '757 Patent. Xebec is entitled to preliminary and/or permanent injunctive relief against Plaintiffs/Counter-Defendants from further infringement pursuant to 28 U.S.C. § 283.

**ANSWER**: Plaintiffs deny the allegations in paragraph 51.

52. Upon information and belief, Plaintiffs/Counter-Defendants' past and continued infringement of the '757 Patent has been deliberate and willful, which warrants an award of treble damages and attorneys' fees to Xebec pursuant to 28 U.S.C. §§ 284 & 285.

**ANSWER**: Plaintiffs deny the allegations in paragraph 52.

| | |
|---|---|
| DATED: February 26, 2024 | Respectfully submitted, |
| | /s/ Ge (Linda) Lei |
| | Ge (Linda) Lei |
| | 203 N. LaSalle St., Suite 2100 |
| | Chicago, IL 60601 |
| | Attorney No. 6313341 |
| | Linda.lei@getechlaw.com |
| | 312-888-6633 |
| | |
| | *Attorney for Plaintiffs* |