UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEN ZHEN DONG HONG ZE TRADING CO., LTD, ET AL<br><br>*Plaintiffs*,<br><br>v.<br><br>XEBEC, INC<br><br>*Defendants*. | **CASE NO.** 23-cv-14922<br><br>**Judge:** John Robert Blakey<br><br>**Magistrate Judge:** Beth W. Jantz |

**OPPOSED MOTION FOR EXTENSION OF TIME
TO RESPOND TO DEFENDANT'S DISCOVERY REQUESTS**

Plaintiffs respectfully request a three-week extension of time to serve the objections and response to Defendant's Discovery Requests, up until and including August 29, 2024. In support thereof, the parties state as follows:

1. On October 15, 2023, Plaintiffs filed this action against Defendant for declaratory judgment non-infringement of the U.S. Patent No. 9,395,757 (the '757 Patent). On November 5, 2023, Plaintiffs amended their Complaint.

2. On January 22, 2024, Defendant filed its Counterclaims against Plaintiffs for infringement of the '757 Patent and the U.S. Patent No. 10,809,762 ("the '762 Patent").

3. Both of the '757 Patent and the '762 Patent are also presently being litigated in the matter styled as *Shenzhen Laibo Technology Co. Ltd. et al., v. Xebec, Inc*., Case No. 6:22-cv-00001-ADA in the United States District Court for the Western District of Texas, Waco Division (the "WDTX Case"). The parties in WDTX Case are also represented by the counsels in this case.

4. On February 6, 2024, the Parties submitted the report of the Rule 26(f) conference to the Court. Dkt. 24. The initial disclosures were due on March 11, 2024.

5. On June 24, 2024, Plaintiffs served the first set of Discovery Requests to Defendant and proposed to agree to the protective order in the Local Patent Rule and Document Production Protocol Order. *See* Decl. of Wang, ¶2. However, Defendant never responded to Plaintiff's proposal. *Id*.

6. On July 6, 2024, Counsel for Plaintiffs sent an email to Defendant's counsel and informed them that he needs to reschedule the deposition for the WDTX Case because of family emergency issues and would be out of the office for days. Plaintiffs' Counsel was out of office for about ten days. *Id*., at ¶3.

7. On July 9, 2024, Defendant sent the first set of Discovery Requests to Plaintiffs via email. However, Plaintiffs' Counsel, being out of office at that time, did not notice this email. *Id*., at ¶4.

8. On August 9, 2024, Defendant sent an email to Plaintiffs informing that Plaintiffs did not serve timely objections and responses to Defendant's discovery requests which was due on August 8, 2024. On the same day, Plaintiffs requested for a 2-week extension to response to Defendants' discovery requests which was rejected by Defendant.

9. Plaintiffs' counsel has also conferred with Defendant's counsel regarding this Motion via email on August 13, 2024. Defendant's counsel indicated that Defendant would oppose this motion.

10. This is Plaintiffs' first request for an extension, and the request is not made for purpose of delay. Defendant did not serve the discovery requests to Plaintiffs until five months after the Rule 26(f) conference and during the time when Plaintiffs' counsel is out of office. Thus, Defendant will not be prejudiced by the extension. Given that the Defendant sent 44 requests for production of documents and 23 interrogatories to each of the twelve Plaintiffs, and the parties still

do not have a Document Production Protocol Order, Plaintiffs' request for a three-week extension is reasonable.

WHEREFORE, Plaintiffs hereby respectfully move this Court to grant their motion for an extension of time to serve the objections and response to Defendant's discovery requests.

|  | Respectfully Submitted: |
|---|---|
| Date: 08/13/2024 | /s/ Wei Wang |
|  | Wei Wang |
|  | GLACIER LAW LLP |
|  | 41 Madison Avenue, Suite 2529 |
|  | New York, NY 10010 |
|  | wei.wang@glacier.law |
|  | 332-777-7315 |
|  | Attorney for Plaintiffs |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this August 13, 2024, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

/s/ Wei Wang
Wei Wang, Esq.