UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEN ZHEN DONG HONG ZE TRADING CO., LTD, ET AL<br><br>*Plaintiffs*,<br><br>v.<br><br>XEBEC, INC<br><br>*Defendants*. | **CASE NO.** 23-cv-14922<br><br>**Judge:** John Robert Blakey<br><br>**Magistrate Judge:** Beth W. Jantz |

## JOINT STATEMENT REGARDING VENUE

Plaintiffs, Shenzhen Donghongze Trading Co., Ltd., Shenzhenshipenglingzhichuangkeji-Youxiangongsi, Shen Zhen Shi Jia Cai Li Ke Ji You Xian Gong Si, Shenzhenshiweidongzhixinkejiyouxiangongsi, Shenzhenshilaibokeji-Youxiangongsi, Shen Zhen Shi Tai Sen Ao Ke Ji You Xian Gong Si, Shenzhenshimaohongshengkejiyouxiangongsi, Dongguanshiguangli-Yingdianzikejiyouxiangongsi, Zhaotongqianhengshangmaoyou-Xiangongsi; Triple A International Trading Inc; Rongbang Enterprise USA INC; and R&T BROTHERS LLC (collectively as "Plaintiffs"), together with Defendant Xebec, Inc ("Defendant," together with Plaintiffs, the "Parties"), hereby respectfully submit the Joint Statement pursuant to the Court's Order dated February 25, 2025 [Dkt. 82].

### I. PROCEDURAL FACTS

1. On October 15, 2023, Plaintiffs initiated this case against Defendant for Declaratory Judgment. Dkt. 1. On August 20, 2024, Plaintiffs submitted their Second Amended Complaint claiming for Declaratory Judgment of Invalidity and Non-infringement. [Dkt. 55.]

2. On September 3, 2024, Defendant answered the Second Amended Complaint and counterclaims for patent infringement. [Dkt. 56.]

3. On February 25, 2025, the Court issued an Order requesting the Parties to meet and confer and file a joint statement by March 7, 2025 explaining why venue is proper here and why this case should not be dismissed for improper venue (or possibly transferred to a proper venue).

4. On March 7, 2025, the Parties met and conferred. The Parties also discussed the potential transfer to a proper venue but were unable to reach an agreement on this matter.

## II. PLAINTIFFS' POSITION STATEMENT

5. It is the Plaintiffs' position that venue is a procedural requirement, and Defendant has consented to the Venue in this District by waiving the defense of improper venue under Rule 12(h)(1). Thus, this Court is the proper venue based on the Parties' consent.

6. Defendant requests to transfer the case to Western District of Texas where Defendant resides. Plaintiffs do not agree with the transfer for the following reasons:

7. First, Defendant has waived its objection to venue and the rights to request to transfer the venue. Here, Defendant not only waived its objection to the venue but also expressly admitted that venue is proper in this District by filing an answer to Plaintiff's complaint. *See* Dkt. 62, p. 9. Fed. R. Civ. P. 12(h) ("A party waives any defense listed in Rule 12(b)(2)–(5) by ... failing to ... make it by motion under this rule" or by failing to join it with another motion filed under Rule 12). Further, Defendant has also stated in its counterclaims against Plaintiffs that "[v]enue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b)… Venue is further proper in this District based on the facts alleged in the preceding and subsequent paragraphs, which Xebec incorporates by reference as if fully set forth herein." *See* Dkt. 19, p. 15. Thus, Defendant has waived its objection to the venue and consent to the venue in this District. *Store Master*

2

*Funding III, LLC v. R. Tequila Acquisition, LLC*, No. 3:20-CV-1449-B, 2020 WL 6135720, at *2 (N.D. Tex. Oct. 19, 2020) (noting that "parties may consent to a venue that is not expressly authorized by statute"); *Bland v. Edward D. Jones & Co., L.P.*, No. 18-CV-03673, 2020 WL 7027595, at *6 (N.D. Ill. Nov. 30, 2020).

8. Second, the Western District of Texas is not the proper venue. Plaintiff initiated this case against Defendant because Defendant submitted the Amazon Patent Evaluation Express Agreement ("APEX Agreement") to Amazon and initiated the Amazon Patent Evaluation Express Procedure ("APEX Procedure") against Plaintiffs. Further, pursuant to the Section 5 of the APEX Agreement, Defendant expressly agreed to "the jurisdiction and venue of the federal and state courts located in King County, Seattle, Washington," by executing the APEX Agreement. A true and correct copy of the APEX Agreement signed by Defendant is attached hereto as Exhibit 1. Thus, the federal court in King County, Seattle, Washington (Western District of Washington) is the proper venue for this case. *MB Fin., Inc. v. Hart*, No. 17 C 8866, 2018 WL 3920715, at *2 (N.D. Ill. Aug. 16, 2018) ("[c]ourts throughout the country ... have routinely held ... that parties can waive objections to venue by agreeing to a forum-selection clause."). Moreover, since Plaintiffs are the on-line sellers who sells the products through Amazon.com, and Defendant also initiated the APEX Procedure against Plaintiff via Aamzon.com, the substantial part of the events giving rise to the claims occurred in the Western District of Washington, where the Amazom.com located. Thus, this case should not be transferred to Western District of Texas.

9. Defendant also argues that the Court may transfer the case to a proper district if it be in the interest of justice. However, it is not proper for the Court to transfer the case after the defense of improper venue was waived. *Katz v. Lear Siegler, Inc.*, 5 F.3d 1502, 29 U.S.P.Q.2d 1450, 1993 WL 262564, *6-*7 (Fed. Cir. 1993) (vacating district court's § 1406(a) transfer order).

10. Therefore, the venue is proper in this District and Plaintiffs oppose the Defendant's request to transfer venue.

### III. DEFENDANT'S POSITION STATEMENT

11. It is Defendant's position that a transfer of venue is proper in the present case under 28 U.S.C. 1406(a). In a declaratory judgment action alleging invalidity and non-infringement, venue is governed by the general venue statute, 28 U.S.C. § 1391, not the special patent venue statute, 28 U.S.C. § 1400(b). *See General Tire & Rubber Co. v. Watkins*, 326 F.2d 926, 929 (4th Cir. 1964); *Emerson Elec. Co. v. Black & Decker Mfg. Co.,* 606 F.2d 234 (8th Cir. 1979)(Markey, J.); 8 DONALD S. CHISUM, *Chisum on Patents* § 21.02 (Venue) (1997); *see also D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 778 n.10 (D. Md. 2009). As such, and as the Court has identified [Dkt.82], proper venue under 28 U.S.C. § 1391(b)(1) is in the Western District of Texas as it is the district where Defendant resides.

12. Section 1406 governs venue transfers when venue has not been properly laid in the transferor court and provides that a court may transfer the case to a proper district "if it be in the interest of justice." 28 U.S.C. § 1406(a); *see Advanced Fresh Concepts Franchise Corp. v. Lwin Family Co.*, No. 03-C-2255, 2004 U.S. Dist. LEXIS 6722, 2004 WL 792840, at *1 (N.D. Ill. Jan. 21, 2004) ("A prerequisite to invoking § 1406(a) is that the venue must be improper. The statute speaks of 'a case laying venue in the wrong division or district.' If the original forum was a proper venue, § 1406(a) cannot apply and 28 U.S.C.A. § 1404(a) is the relevant statute") (quoting 15 WRIGHT & MILLER, *Federal Practice and Procedure* § 3827 (2d ed. 1986)).

13. The Court can transfer venue *sua sponte*. *See Trujillo v. Williams*, No. 04-2257, 465 F.3d 1210, 2006 U.S. App. LEXIS 25746, 2006 WL 2949135, at *7 (10th Cir. 2006) ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal

transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice"); *Caldwell v. Palmetto State Sav. Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) ("Under the transfer statute [28 U.S.C. §§ 1404 and 1406], a district court may transfer a case upon a motion or sua sponte"); *United Financial Mortg. Corp. v. Bayshores Funding Corp.*, 245 F. Supp. 2d 884 (N.D. Ill. 2002) (after finding that because venue was not proper there and thus the court could not transfer the case under 1404(a), "[t]he Court will, however, transfer this case pursuant to 28 U.S.C. § 1406, which governs the dismissal or transfer of cases where venue is improper. It is appropriate for this Court to consider a transfer under this section *sua sponte*"); *Pathway Financial v. Heaton*, No. 86-C-9089, 1989 U.S. Dist. LEXIS 4600, 1989 WL 49151, at *4 (N.D. Ill. April 21, 1989) ("The decision to transfer a case pursuant to § 1406(a) can be made *sua sponte* in the court's discretion") (emphasis in original); *Muhammad v. U.S. Parole Com'n,* No. 95-C-3409, 1995 WL 382461, at *1 (N.D. Ill. June 23, 1995) (transferring a case *sua sponte* pursuant to § 1406(a)); *Manso-Diaz v. Sherman*, 2005 U.S. Dist. LEXIS 45450, 2005 WL 1229360, at *1 (W.D.N.Y. May 24, 2005) (providing that "[t]he determination to transfer, rather than dismiss, a case pursuant to § 1406(a) lies within the sound discretion of the district court judge, and a district court may transfer a case *sua sponte* on its own motion") (internal citations omitted).

14. Defendant respectfully requests the Court enter an order of transfer to the Western District of Texas where Defendant resides or, in the alternative, seeks leave to file a Motion to Transfer Venue and Memorandum in Support.

Respectfully Submitted:

Date: 3/7/2025

/s/ Wei Wang
Wei Wang
GLACIER LAW LLP
41 Madison Avenue, Suite 2529

5

       New York, NY 10010
       wei.wang@glacier.law
       (212) 729-5073
       Attorney for Plaintiffs

       /s/ Blake D. Stovall
       Blake D. Stovall
       TX Bar No. 24081165
       bstovall@barks.law
       Daria Adler
       TX Bar. No. 24137921
       dadler@barks.law
       BARKS PLLC
       P.O. Box 22171
       Houston, Texas 77227
       (832) 416-1642 (Tel.)
       Attorney for Defendant

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this March 7, 2025, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

                                                    /s/ Wei Wang
                                                    Wei Wang, Esq.